CUTRER, Judge.
This appeal follows the granting of a preliminary injunction restraining defendant, Willard John Boullion, from violating a zoning ordinance. The Calcasieu Parish Police Jury (Police Jury) instituted this proceeding. Boullion appeals. We reverse.
Boullion owns and operates Lakeland Seafood in Moss Bluff, Calcasieu Parish, Louisiana. Lakeland Seafood has been selling seafood in the wholesale and retail markets since 1976. Lakeland Seafood is located on Lot 7 in the Wilson Duplechain Subdivision.
In 1980, Lakeland Seafood began processing and packaging seafood for wholesale and retail distribution. Lakeland Seafood’s original processing and packaging system encompassed three phases occurring in two separate rooms. The seafood was cleaned and steamed, then peeled in one room. The peeled produce was later packaged in a second room. This procedure was in compliance with appropriate State regulations in effect at that time. Lakeland Seafood had been issued operating permits for 1981 and 1982 by the Seafood Sanitation Unit of the Department of Health and Human Resources.
*1182 In 1981, the Seafood Sanitation Unit adopted new standards for the processing and packaging of seafood. The new standards require the steaming, peeling and packaging to each be done in separate rooms. It seems that when the steaming and peeling occur in the same hot room, the produce could become contaminated by the perspiration of the peelers.
To comply with the new standards Boul-lion began planning to make adjustments accordingly. In August 1981, Boullion discussed needed alterations with the Health Department inspector which would bring Lakeland Seafood into compliance with the new packaging standards.
In September 1982, Boullion added a third room to Lakeland Seafood. Each phase of Lakeland Seafood’s packaging then occurred in separate rooms.
On June 10, 1982 (before Boullion made the change to comply with the Health Department regulations), the Police Jury established zoning districts in Moss Bluff in accordance with Calcasieu Parish Zoning Ordinance Number 1927, as amended by Ordinance Number 2377. Through this ordinance the Police Jury classified Lot 7 of the Wilson Duplechain Subdivision within a single family residential district.
The Police Jury viewed Boullion’s addition to Lakeland Seafood as an addition to a commercial operation in a single family residential district. Under the zoning ordinance the Police Jury contended that the addition was an extension of a “non-conforming use,”[1] and was a violation of the ordinance.
Boullion was notified of this violation by certified letter delivered October 7, 1982. Upon Boullion’s failure to respond to the letter or comply with the ordinance by October 27, 1982, suit was filed by the Police Jury.
At trial Boullion maintained that Lake-land Seafood had been processing and packaging seafood prior to June 10,1982. Boul-lion further maintained that since Health Department regulations required him to provide a separate room for his packaging process, Lakeland Seafood’s addition was not a violation of the zoning ordinance.[2]
The trial court reasoned that, although the Health Department could regulate the operation of Lakeland Seafood’s business, the Health Department could not specify the size of Lakeland Seafood’s building. Accordingly, the trial court granted the preliminary injunction requested by the Police Jury and ordered Boullion to restore the building to its original design. Boullion appeals.
The substantial issue presented for review is whether the enlargement of Boul-lion’s premises was required by law and allowable by the zoning ordinance.
The powers of the State Health Officer are very broad.
“The state health officer shall have authority to adopt or amend provisions in the state sanitary code covering all matters under his jurisdiction... . ”[3]
“The state health officer and the office of health services and environmental quality of the Department of Health and Human Resources shall have exclusive jurisdiction, control, and authority to ... take such actions as is necessary to accomplish the subsidence and suppression of diseases of all kinds in order to prevent their spread.... to enforce a sanitary code for the entire state containing provisions for the improvement and amelioration of the hygienic and sanitary conditions of the state ... to supervise, inspect, and issue sanitation permits for ... the handling and control of hygienic *1183 conditions with respect to all food.”[4]
Regulations and ordinances passed by the Health Department pursuant to its delegated authority have the force of law. Board of Health v. Sasslin, 132 La. 569, 61 So. 661 (La.1913), on rehearing.
Carita Dunnehoo, Sanitation II, Calcasieu Parish Health Unit, testified that there is a health regulation regarding the processing and packing of seafood. She testified that the regulation required the steaming, peeling and packing of seafood be done in separate areas. This regulation came into effect in 1981.
Mrs. Dunnehoo further testified that she and a fellow Health Unit employee visited Lakeland Seafood in August 1981. She stated that the visit concerned Boullion’s proposed alteration of Lakeland Seafood’s physical plant to update the packing process. Mrs. Dunnehoo also testified that, had Boullion not enlarged the premises of Lake-land Seafood, the Health Department would have forced Lakeland Seafood to terminate its business.
In view of the authority of the Health Department and the testimony of Mrs. Dunnehoo, we find that current health regulations required a change in Lakeland Seafood’s packing process. The trial court made a similar finding as shown in its reasons for judgment. The trial court then concluded that Boullion’s alternatives were to either terminate his business or move Lakeland Seafood to another building which complied with both health regulations and zoning restrictions.
Boullion could not be forced, under the provisions of the zoning ordinance, to terminate Lakeland Seafood. As Lakeland Seafood had been in operation in the Wilson Duplechain Subdivision prior to the June 10, 1982 reclassification of the area, Lake-land Seafood had established an existing non-conforming use[5] on Lot 7.
Boullion’s problem resulted from the 1981 changes in health laws requiring a change in Lakeland Seafood’s operation. To comply with the new health regulations Lake-land Seafood’s packing process required an additional room. Boullion proceeded to comply with the health regulations.
The particular section of the zoning ordinance at issue is: “A nonconforming use shall not be extended or enlarged except when required to do so by law or by ordinance.” The intent of this section is clear: Existing nonconforming uses can be enlarged if the law requires same.
The instant case is such a situation. Lakeland Seafood has an existing nonconforming use in need of alteration because of changes in health laws. Boullion’s addition to Lakeland Seafood was an extension required by these health laws. The trial court erred in its ruling and will be reversed.
The cases cited by the Police Jury are not dispositive of the issue in this case. Those eases deal with whether nonconforming uses were established prior to zoning reclassification.
Accordingly, the judgment of the trial court granting the preliminary injunction is reversed and set aside and the suit for a preliminary injunction is hereby dismissed.
REVERSED.

.The zoning ordinance contained the following provisions:
“Nonconforming use: A structure or land lawfully occupied by a use that does not conform to the regulations of the district in which it is situated.”

. “A nonconforming use shall not be extended or enlarged except when required to do so by law or by ordinance.” (Emphasis supplied.)

. LSA-R.S. 40:4 (in pertinent part).

. LSA-R.S, 40:5 (in pertinent part).

. “The lawful use of any building or land existing at the dme of the enactment of this ordinance may' be continued, although such use does not conform with the provisions of this ordinance.”
Calcasieu Parish Zoning Ordinance Number 1927, as amended, Article VII, Sec. I.